UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES LIABILITY INSURANCE COMPANY, | ) ) ) |  |
|---|---|---|
| Plaintiff, | ) ) |  |
| vs. | ) ) ) | No. 4:14 CV 1887 RWS |
| GLOBAL ACQUISITIONS, LLC, | ) ) |  |
| Defendant. | ) |  |

# MEMORANDUM AND ORDER

On March 13, 2013, defendant Global Acquisitions, LLC ("Global") submitted an insurance claim to plaintiff United States Liability Insurance Company ("USLI") for damages to three of its properties. Global claimed that the properties had been damaged by a February 2013 windstorm as well as by vandalism. On November 21, 2014, USLI brought suit, seeking declaratory judgment that Global's claims are not covered by the insurance policy. USLI alleges that Global failed to comply with its duties after loss and engaged in material misrepresentations in making its claims for property damage, which voids and/or excludes coverage under the policy. Global now moves to strike paragraphs 56-58, 60-62, and 65, 68, 76 and 77 of USLI's Amended Complaint under Federal Rules of Civil Procedure 12(f) and 9(b). For the reasons that follow, I will deny Global's motion to strike.

## Legal Standard

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Liberal discretion is enjoyed by the district court in ruling on a motion to strike." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir.2000). However, striking a party's pleadings is an extreme

and disfavored measure. Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977). There is general judicial agreement that a motion to strike should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy. N. Face Apparel Corp. v. Williams Pharmacy, Inc., 4:09 CV 2029 RWS, 2010 WL 546928, at *1 (E.D.Mo. Feb. 9, 2010). Matters that are not strictly relevant to the principle claim should not necessarily be stricken if they provide "important context and background" to claims asserted. Stanbury Law Firm, 221 F.3d at 1063. Moreover, "even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." Am. Home Assur. Co. v. Pope, 2 4057 CV C SOW, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005) (internal citations omitted).

## Discussion

A. Paragraphs 56-58, 60-61, and 65

Global seeks to strike paragraphs 56-58, 60-61, and 65 from the complaint, arguing that they incorrectly imply and/or assert that Global never made Global properties available for inspection when, in fact, Global made numerous efforts to schedule property inspections. These paragraphs provide:

> 56. The inspection was set for March 18, 2013, which was the first date Mr. Khan stated he could make the properties available for inspection.
>
> 57. On March 18, 2013, neither Mr. Khan, nor anyone on behalf of Global Acquistions, LLC showed up for the inspection as scheduled, and Mr. Hoffman was unable to inspect the properties and evaluate any claimed damage and source of damage for Plaintiff.
>
> 58. Thereafter, Mr. Khan refused to allow Plaintiff, or any representative on its behalf, inspect and evaluate the damage at the properties, and Plaintiff was unsuccessful after several attempts to inspect the three properties to evaluate the damages and source of damages following the reported loss.
>
> 60. Plaintiff was unable to inspect 2208 Alberta, and/or 4259 W. Cook because

> Defendant Global Acquisitions had sold the properties.
>
> 61. To date, Plaintiff has never been able to secure an inspection of 2208 Alberta or 4259 W.Cook to evaluate any damages alleged by Defendant Global Acquisitions.
>
> 65. Defendant Global Acquisitions has failed to comply with Policy conditions making properties available for inspection following the reported loss.

Amd. Compl. [#3].

In support of its argument, Global attaches selected portions of emails between counsel for the parties. The selected portions of the emails suggest that counsel communicated about scheduling an inspection. This information, however, does not establish that the paragraphs contain redundant, immaterial, impertinent, or scandalous information, as required by Rule 12(f). Instead, Global's argument and the email attachment merely indicate that Global disagrees with the veracity of USLI's allegations in the complaint.

Furthermore, it is clear that the allegations in these paragraphs relate to USLI's claim that Global failed to comply with its duties after loss, including the requirement to make the properties available for inspection. As a result, these allegations do not fall within the category of materials appropriately stricken pursuant to Rule 12(f). Moreover, for these same reasons, Global's argument that it will be prejudiced by the inclusion of these allegations fails. Having to defend against claims properly related to the controversy at issue is not prejudicial to Global.

B. Paragraph 62

Global argues that paragraph 62 should be striken from the complaint because it incorrectly alleges that Global concealed and/or misrepresented material facts pertaining to the ownership of the properties. Paragraph 62 provides:

> 62. On or about December 18, 2013, Mr. Khan, on behalf of Defendant, submitted to an Examination Under Oath, during which Defendant concealed and/or misrepresented material facts pertaining to ownership of the properties,

3

> damages sustained at the properties, inspection of the properties, value of the properties, cause(s) of loss to the properties, and/or repair(s) to the properties for Claim 2.

Amd. Compl. [#3]. Global attaches a portion of Mr. Khan's Examination Under Oath; online search results for what appear to be real estate records from the City of St. Louis Assessor's website; and Sheriff's Deeds, which Global argues establish Global's ownership of the properties at the time in question. However, even if taken as true, the exhibits do not conclusively establish Global's ownership at the time in question. Moreover, Global's argument merely amounts to a dispute about the veracity of USLI's factual allegations, which is not a proper basis for excluding material under Rule 12(f).

Furthermore, the allegations relate to USLI's claim that Global misrepresented material facts and/or failed to comply with its duties after loss, including potentially misrepresenting the ownership of the properties. As a result, these allegations are not redundant, immaterial, impertinent, or scandalous and therefore do not fall within the category of materials appropriately stricken pursuant to Rule 12(f). Additionally, Global has not shown that it would be prejudiced by the inclusion of paragraph 62.

C. Paragraph 68

Global also argues that paragraph 68 of the complaint should be striken because it is unfounded as a matter of law and therefore immaterial. Paragraph 68 provides:

> 68. Defendant Global Acquisitions has sustained no damage to properties, 2208 Alberta and 4259 W. Cook, in that Defendant has sold these properties for a profit following the alleged loss.

Amd. Compl. [#3]. Global argues that the policy language provides for a loss settlement procedure that contradicts the measure of damages that USLI sets forth in paragraph 68. According to the complaint, the policy provides, "**Loss Settlement.** Covered property losses are

4

settled at actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property." Amd. Compl. [#3]. Global argues that, because the policy purports to measure damages at the time of loss, whether Global profited from a later sale of the property is immaterial. USLI argues that this paragraph relates to the issue of whether Global misrepresented material facts at the Examination Under Oath because it alleges that the damage calculation Global submitted to USLI was excessive and unsupported.

While Global's argument that the policy forecloses consideration of an ultimate sale price may have merit in a motion to dismiss or motion for summary judgment, a motion under Rule 12(f) is not a substitute for such a motion. Here, it cannot be said that the allegation that Global sold the property for a profit has no possible relation or logical connection to the subject matter of the controversy, or that it does not provide important context and background to the claims asserted. See N. Face Apparel Corp. v. Williams Pharmacy, Inc., 4:09 CV 2029 RWS, 2010 WL 546928, at *1 (E.D.Mo. Feb. 9, 2010); Stanbury Law Firm, 221 F.3d at 1063. As a result, paragraph 68 does not fall within the category of materials appropriately stricken pursuant to Rule 12(f).

D. Paragraphs 76 and 77

Finally, Global argues that paragraphs 76 and 77 should be striken because they are allegations of fraud and were not pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). Paragraphs 76 and 77 provide:

> 76. Defendant Global Acquisition has misrepresented, concealed and/or engaged in fraudulent conduct in its presentation of Claim 2 for this loss and such actions have prejudiced Plaintiff.
>
> 77. Misrepresentation, concealment, and/or fraud are recognized as special circumstances in Missouri, which entitles a prevailing party in a declaratory judgment action to recover its costs and expenses, including attorney fees. Therefore, should Judgment be entered in favor of Plaintiff and against

> Defendant, Plaintiff respectfully requests its right to a separate hearing regarding any damages sustained by Plaintiff.

Amd. Compl. [#3].

Allegations of fraud are subject to a heightened pleading requirement under Federal Rule of Civil Procedure 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet Rule 9(b) requirements, a pleading must include "such matters as the time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what was obtained or given up thereby." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001). That said, "[t]he special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." Id., 259 F.3d at 920.

USLI disputes that Rule 9(b) applies, but argues that even if it does apply, its allegations meet the requirements of Rule 9(b) because it has alleged the circumstances constituting the fraud or material misrepresentation with sufficient particularity. Reviewing the complaint as a whole, I agree that USLI's allegations meet the requirements of Rule 9(b) because the complaint contains allegations of the time, place and contents of the false representations, as well as the identity of the person making the misrepresentations. Abels, 259 F.3d at 920. Indeed, USLI pleaded that Mr. Khan, Global's agent and owner, concealed and misrepresented facts pertaining to ownership of its properties during the examination under oath (See ¶68); that Global has represented damages to the properties to be in excess of $101,800.00 (See ¶ 53); that Global has concealed and/or misrepresented material facts pertaining to the damages to the properties (See ¶ 62); that Global has failed to produce documents to support a claim for damages, despite requests

6

by USLI (See ¶¶ 63 & 64); that Global would not allow an inspection to take place at the properties following the loss claimed (See ¶¶ 57, 58 and 610); and, finally, that the Missouri property did not sustain the damages as alleged by Global as a result of any windstorm, but rather was the result of wear and tear (See ¶ 59).

Additionally, Paragraph 77 merely serves as USLI's prayer for its costs and expenses should it succeed on its allegations in the complaint relating to Global's alleged fraud or material misrepresentation. Because I have already found that the allegations in the complaint meet the requirements of Rule 9(b), there is no basis to strike USLI's related prayer for relief.

**Conclusion**

A motion to strike under Rule 12(f) is a very narrow remedy used only to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because the challenged paragraphs relate to the controversy at issue, they do not fall within the category of materials appropriately stricken pursuant to Rule 12(f). Likewise, paragraphs 76 and 77 meet the pleading requirements of Fed. R. Civ. P. 9(b). As a result, I will deny Global's motion to strike in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Global Acquisitions, LLC's Motion to Strike Allegations in Plaintiff's Amended Complaint #[12] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2015.