UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff/Counterclaim Defendant | ) ) | |
| vs. | ) ) | No. 4:14 CV 1887 RWS |
| GLOBAL ACQUISITIONS, LLC, | ) ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendant/counterclaim plaintiff Global Acquisitions, LLC ("Global")'s motion to compel the claim file and its claim adjusters' notes from plaintiff/counterclaim defendant United States Liability Insurance Company ("USLI"). USLI brought this action seeking declaratory judgment that no coverage is owed to Global under its homeowner's insurance policy. Global brought a counterclaim for vexatious refusal to pay a claim. I heard argument on this motion on April 21, 2016, after which I concluded that an in camera review of the requested documents was appropriate. Upon review of the documents and for the following reasons, Global's motion to compel will be granted in part and denied in part.

Global seeks the production of two sets of documents: (1) USLI's claim file from May 7, 2013 through present, and (2) the independent claim adjuster's file. USLI has objected to providing the files, claiming work product protection.

**A. Effective Date for Work Product Protections**

As an initial matter, the parties dispute which date, if any, USLI may claim work product protections. Global contends that the March 13, 2013 is the first date when USLI could have anticipated litigation and therefore there is no work product protection for files prepared before

then. Global also argues that there is no work product protection for files created before March 13, 2013 because USLI proceeded with its investigation in the ordinary course of business until that date.

USLI maintains that suit was threated on March 7, 2013 because Mr. Kahn, Global's owner, emailed the claim adjuster and USLI officers on that date threatening to sue them. *See* March 7 Email, [#65-1] ("I seem like u guys are planning in advance how to deny the claim I will sue you personally and allmark and the insurance company this time had enough of this silly game."). USLI also hired outside counsel on March 8, following its receipt of Mr. Kahn's email, and sent Mr. Kahn a Reservation of Rights letter on March 12, 2013. USLI also contends that proceeding with the claim investigation from March 7 to March 13 does not destroy its work product protections.

Federal Rule of Civil Procedure 26(b)(3) protects from discovery documents that are prepared in anticipation of litigation by or for another party or its representative. The content of Mr. Kahn's email of March 7, 2013, clearly threatens suit against USLI, certain of its employees, and the independent claim adjuster. Moreover, USLI's behavior in reaction to that email, including its immediate hiring of outside counsel on March 8 and its providing Global with a Reservation of Rights letter on March 12 establishes that there was a threat of litigation as early as March 7, 2013. As a result, March 7, 2013 is the effective date from which USLI could have anticipated litigation for work product protection purposes.

**B. USLI's Claim File and the Claim Adjuster's File**

"[E]ven though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of the litigation."

*Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 604 (8th Cir. 1977) (quoting 8 Wright & Miller, pp. 198-99). Accordingly, to determine whether a document is entitled to work product protections, "the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.*

Although it is clear that there was a threat of litigation as early as March 7, 2013, upon review of the files, I must conclude that only certain portions of the files are entitled to work product protection. That is because portions of the files were not prepared for purposes of litigation. *See Diversified Indus.*, 572 F.2d at 604. Rather, many of the notes in the files were prepared in the ordinary course of business, i.e., as part of USLI and its independent claim adjuster's continued attempt to adjust the claim, which USLI essentially concedes in its response brief.

Additionally, I do not find, as Global argues, that those portions of the claim file that are protected by the work product doctrine should be produced. Global argues that the protected files should still be produced because Global has a substantial need for the files that reveal USLI's intentions and mental impressions during the claim processing process, which is relevant to its counterclaim for vexatious refusal to pay. Global also argues that it needs this information before it deposes the claim adjuster, Mr. Hoffman, and USLI's corporate designee, and that it is unable to obtain the substantial equivalent of this information elsewhere because the only other USLI employee that has been deposed to date could not remember how and when certain decisions were made during the processing of Global's claim.

USLI contends that Global cannot demonstrate a substantial need for the files because its

3

vexatious refusal claim fails as a matter of law because there is no allegation that a formal demand for payment was made and then refused by plaintiff, one of the elements of such a claim. *See* RSMo. §§ 375.420, 375.296. USLI also argues that Global can get substantially equivalent information on USLI's mental impression through the depositions of Mr. Hoffman and USLI's corporate designee, and therefore compelling the production of these privileged documents is improper.

Materials that qualify for work product protections but are otherwise discoverable "may be discovered if the party shows that is has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(i)(ii). "[I]n a vexatious refusal to pay claim, the strategy, mental impressions, and opinion of the insurer's agents concerning the handling of the claim are directly at issue." *Busch Properties, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.,* No. 4:12CV2318 SNLJ, 2014 WL 2815655, at *5 (E.D. Mo June 23, 2014). "[W]here, as here, an insured raises a claim of bad faith against an insurer and the insurer makes a claim of privilege, an in camera examination is appropriate to verify the validity of the insured's claim of attorney-client privilege. . ." *Olga Despotis Trust v. Cincinnati Ins. Co.*, No. 4:12CV02369 AGF, 2014 WL 3477310, at *4 (E.D. Mo. July 15, 2014). However, where "an insured alleges a claim of bad faith refusal to pay, the allegations alone are not sufficient to invoke the protection of the work-product doctrine. Rather, '[t]he plaintiff must demonstrate some likelihood or probability that the documents sought may contain evidence of bad faith.'" *Id.* (internal citation and quotation omitted). "The required showing is not, however, 'a high hurdle' and 'there need be only the possibility, not the certainty' that the documents contain evidence of bad faith in order for an

insured to have a substantial need for them in establishing a vexatious refusal to pay claim." *Id.*
(internal citation and quotation omitted).

Having conducted an in camera review of the claim file and the independent claim adjuster's file, I conclude that Global has not established a substantial need for the portions of the files that are protected work product. Although the "required showing is not [] a high hurdle," because there is no evidence of bad faith in the protected portion of the documents, Global cannot meet its burden here.

Nor am I convinced that Global could not obtain the substantial equivalent of the materials or the information it seeks by other means. As USLI argues, Global may (and the parties are already planning to and are prepared to) take the deposition of USLI's corporate designee and the independent claim adjuster, Mr. Hoffman, who should be able to testify to their own mental impressions and opinions from the relevant time period. Despite Global's arguments to the contrary, the fact that the previous USLI employee who was deposed was unable to recall certain details does not mean that Mr. Hoffman or the corporate designee will be unable to do so.[1]

Furthermore, the relative weakness of Global's claim for vexatious refusal cautions against an order compelling production of these documents. As USLI argues, the other cases that have concluded that claim files should be produced under similar circumstances and in the context of a vexatious refusal to pay claim all involved facts where a formal demand for payment was made and then refused. Here, there is no express allegation that Global ever made a formal demand for payment. In fact, Mr. Kahn testified at his Examination Under Oath that no demand made, at least by the time the Examination was taken. *See* Kahn EOU [#65-3]; *see also*

---

[1] If that does occur, however, Global may seek further relief from the Court.

Affidavit of Maureen Conner [#65-4].

There is no dispute that the claim files are otherwise relevant and discoverable under FRCP 26(b)(1). As a result, I will compel production of the USLI claim file and the independent adjuster's claim file from March 7, 2013 through present to the extent that the notes pertain to USLI's efforts to continue adjusting the claim or were otherwise prepared in the ordinary course of business. Many of the notes from March 7 to March 13, 2013, are such notes and should be produced. In contrast, many of the notes from after March 13, 2013, once counsel was retained and Mr. Kahn threated suit for the second time, are protected because they appear to have been created for purposes of litigation. I note also that many of these notes appear to be protected attorney-client communications, which are therefore privileged and should not be produced. USLI shall go through its claim file and the claim adjuster's file and redact only those portions of the files that can reasonably be said to have been prepared both in the anticipation of litigation and for purposes of litigation rather than in the ordinary course of business, and then it shall produce the redacted files to Global.

Accordingly,

**IT IS HEREBY ORDERED** that Global Acquisitions, LLC's Motion to Compel Production of Documents #[65] is **GRANTED** in part and **DENIED** in part. USLI shall produce the compelled documents in accordance with the terms of this Memorandum and Order **no later than May 13, 2016**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2016.